UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CHARLES REASON,

                     Plaintiff,

    -against-

PROPERTY SERVICES, LLC, and
ALEX WAGMAN,

                     Defendants.
_____

CIVIL ACTION NO.:

**COMPLAINT**

Plaintiff, CHARLES REASON, by his attorneys BLAU LEONARD LAW GROUP, LLC alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201et. seq. ("FLSA") in connection with PROPERTY SERVICES, LLC's ("PSL") violation of its statutory obligations to pay Plaintiff overtime wages, as a non-exempt employee, for work in excess of 40 hours per week, at a rate of 1.5 times his regular rate of pay, pursuant to 29 U.S.C. §207 (a).

2. Plaintiff also brings this action under New York's Wage and Hour Laws. ("NYLL") More specifically, Plaintiff asserts that he is entitled to (a) unpaid wages for all hours worked and (b) overtime wages for his work beyond 40 hours per week, at a rate of 1.5 times his regular rate of pay pursuant to N.Y. Labor Law § 663(1) and the supporting New York State Labor Regulations, 12 N.Y.C.R.R. Part 142.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201et seq., a Federal Statute.

4. As to claims under New York State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

6. PSL is a limited liability company created and existing under and by virtue of the laws of the State of New York, with principal offices located at 104 South Central Avenue, Valley Stream, New York, 11580.

7. PSL maintains, operates and/or controls elevator residential multiple dwelling apartment buildings located at 1141 Jerome Avenue, Bronx, NY 10452 and 1165 Shakespeare Avenue, Bronx, NY 10452.

8. Defendant, ALEX WAGMAN, is a principal, officer and member of PSL.

9. Plaintiff is a resident and citizen of Bronx county, city and state of New York.

10. Plaintiff was jointly employed by Defendants as a full time live-in building superintendent at 1141 Jerome Avenue, Bronx, NY 10452, from approximately July

19, 2013 to present date. He also performs daily tasks at 1165 Shakespeare Avenue, Bronx, NY 10452,

## FACTUAL ALLEGATIONS

11. PSL operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

12. At all times material and relevant herein, PSL was the employer of Plaintiff and possessed the authority and power to hire or terminate Plaintiff; control Plaintiff's work schedules and conditions of employment; determined the rate and method of the payment of wages; determined Plaintiff was non-exempt; determined overtime policy; determined compensation day policies and kept and/or had unrestricted access to records regarding Plaintiff's employment.

13. At all relevant times, Plaintiff was an employee of PSL within the meaning of 29 U.S.C. §§201 et. seq.

14. At all relevant times, Plaintiff was an employee of PSL within the meaning of NYLL§§650 et. seq. and the supporting New York State Department of Labor regulations.

15. At all relevant times, in addition to possessing the powers and authority described in paragraph 13, WAGMAN exercised operational control of 1141 Jerome Avenue, Bronx, NY 10452 and 1165 Shakespeare Avenue, Bronx, NY 10452, presiding over the day-to-day activities of PSL's employees, including the Plaintiff.

16. At all relevant times, WAGMAN acted directly or indirectly in the interest of PSL in relation to Plaintiff.

17. At all relevant times, WAGMAN had overall operational control of the PSL, possessed an ownership interest in it; had authority over personnel decisions; had authority over payroll decisions; had authority to hire and fire employees; controlled significant functions of the business, determined Plaintiff's salary and made hiring decisions.

18. At all relevant times, WAGMAN was a joint employer of Plaintiff pursuant to 29 CFR 791.2.

19. At all relevant times, WAGMAN was a joint employer of Plaintiff pursuant to the provisions of the NYLL and *Zheng v. Liberty Apparel Co.*, 2002 WL 398663, at *6 n. 3 (S.D.N.Y. 2002).

20. During his employment with Defendants, Plaintiff was required to work seven (7) days per week.

21. Plaintiff was required by Defendants and did regularly work at least 50 hours per week.

22. At all relevant times, Plaintiff was required by Defendants to be "on call" for emergencies and to perform work 24/7 at buildings located at 1141 Jerome Avenue, Bronx, NY 10452 and 1165 Shakespeare Avenue, Bronx, NY 10452.

23. Defendants did not compensate Plaintiff for "on call" work performed.

24. Seven (7) days per week, Plaintiff was required by Defendants to secure and close up the laundry at buildings located at 1141 Jerome Avenue, Bronx, NY 10452 and 1165 Shakespeare Avenue, Bronx, NY 10452.

25. Defendants did not compensate Plaintiff for work performed securing and closing up the laundries, each day.

26. At all relevant times, Plaintiff worked in the manner described above and Defendants encouraged, instructed, and required him to work in this manner.

27. In 2016, Plaintiff was paid $14.00 per hour in weekly installments.

28. Plaintiff was not paid overtime compensation by Defendants, for all hours worked each week, in excess of 40 hours.

29. For example, during the period April 2, 2016 to April 8, 2016, Plaintiff worked 54 hours and was paid $ 560.00. Plaintiff's regular rate of pay for that workweek was 560.00 ÷ 54 =$ 10.37hr. His overtime rate was 1.5 times his regular rate of pay [10.73 x 1.5 = 15.55]. Plaintiff should have been paid overtime compensation of 14hrs. x 15.55 =$217.70.

30. Defendants never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility where Plaintiff was employed, in violation of 29 C.F.R. §516.4.

31. At all times material and relevant herein, Defendants failed to keep full and accurate records of Plaintiff's hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6, NYLL § 661, and NYCRR Tit. 12 §472.2.

32. Defendants' wrongful acts, omissions and/or commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of such departments.

## FIRST CLAIM FOR RELIEF (FLSA)

33. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

34. Defendants failed to compensate Plaintiff for all hours in a work week in excess of forty (40).

35. Defendants failed to compensate Plaintiff at a rate of 1.5 times his regular rate of pay, for all hours in a work week in excess of 40.

36. Defendants' overtime practices, as described herein, violated the FLSA.

37. Defendants' conduct and employment practices, as described herein, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

38. By reason of these unlawful acts, Defendants have deprived Plaintiff of overtime compensation, in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF (NYLL)

39. Plaintiff repeats and realleges the preceding paragraphs of the Complaint as if fully set forth herein at length.

40. Defendants failed to compensate Plaintiff for all hours in a work week in excess of forty (40).

41. Defendants failed to compensate Plaintiff at a rate of 1.5 times his regular rate of pay, for all hours in a work week in excess of 40.

42. Defendants' overtime practices, as described herein, violated NYLL, Article 19, §§650 et. seq.

43. Defendants' conduct and employment practices, as described herein, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

44. By reason of these unlawful acts, Defendants have deprived Plaintiff of overtime compensation in such amounts as to be determined at trial, together with liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYLL§§650 et. seq. and the supporting New York State Department of Labor regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and damages as follows:

(a) Judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* and attendant regulations at 29 C.F.R. § 516 et. seq.;

(b)     Judgment that Defendants' practices alleged herein violate N.Y. Labor Law § 650 et. seq. and attendant regulations at N.Y.C.R.R. § 142-3.1 *et. seq.* and New York State common law principles.

(c)     Judgment for unpaid overtime pay to which Plaintiff is lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, and attendant regulations at 29 C.F.R. § 516 *et. seq.*;

(d)     Judgment for unpaid overtime pay to which Plaintiff is lawfully entitled pursuant N.Y. Labor Law § 650 *et. seq.* and attendant regulations at N.Y.C.R.R. § 142-3.1 *et. seq.* and New York State common law principles;

(e)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., and attendant regulations at 29 C.F.R. §516 *et. seq.,* in an amount equal to the unpaid overtime pay to which Plaintiff is entitled;

(f)     Judgment for liquidated damages pursuant to N.Y.L.L. Article §§ 190 et. seq., Article 19, §§ 650 *et. seq.* and 12 N.Y.C.R.R Part 137, to which Plaintiff is entitled.

(g)     Prejudgment interest;

(h)     An order directing Defendants to pay Plaintiff his reasonable attorney's fees and all costs connected with this action.

(i)     Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       August 11, 2016

                            BLAU, LEONARD Law Group, LLC


                            By: _____

                            Steven Bennett Blau
                            Shelly A. Leonard
                            23 Green Street, Suite 303
                            Huntington, NY 11743
                            (631) 458-1011
                            sblau@blauleonardlaw.com
                            sleonard@blauleonardlaw.com
                            *Attorneys for Plaintiff*